**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| **CLIFFS MINING COMPANY** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. ____________________** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WISCONSIN ELECTRIC POWER COMPANY and WISCONSIN GAS LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| **Defendants.** | | |

# COMPLAINT

Plaintiff Cliffs Mining Company ("Cliffs"), for its complaint against Defendants Wisconsin Electric Power Company and Wisconsin Gas LLC (collectively, "WE Energies"), states as follows:

## Summary of Action

1. This is an action for money damages and declaratory relief based on WE Energies breach of a certain agreement titled "Former Milwaukee Solvay Coke & Gas Site Confidential Joint Participation and Defense Agreement - RI/FS" (the "Agreement"). A copy of the Agreement, being subject to terms of confidentiality, is not attached to this Complaint but can be provided under seal at a later date. In the Agreement, the parties thereto agreed to cooperatively participate in, and jointly fund, the performance of a Remedial Investigation/Feasibility Study ("RI/FS") regarding environmental concerns at a former Milwaukee Solvay Coke & Gas Site located at 311 East Greenfield Avenue, Milwaukee, Wisconsin (the "Site") as well as the adjacent waterway that contains sediments contaminated by the Site. The Agreement requires the

parties to implement the RI/FS through completion, without right or ability to withdraw from that obligation. To effectuate the Agreement, the parties thereto then entered into an "Administrative Settlement Agreement and Order on Consent" ("RI/FS ASAOC") to perform the RI/FS that the United States Environmental Protection Agency ("EPA") was demanding. Prior to the completion of the RI/FS and fulfillment of the RI/FS ASAOC, WE Energies purchased the Site out of bankruptcy. WE Energies, with backing of the EPA, then went behind Cliffs' back, abandoned its contractual obligations under the Agreement, and proceeded to enter into a second Administrative Settlement Agreement and Order on Consent ("EE/CA ASAOC") with EPA to undertake a response action on the Site using a less exacting methodology referred to as an Environmental Evaluation/Cost Analysis ("EE/CA"). The EE/CA remedy contemplated by WE Energies employs a remediation approach that is imprudent and is in excess of more cost effective and reasonable remedial options available under CERCLA. Accordingly, the remedy will cost significantly more money than otherwise would be required had the RI/FS process proceeded to conclusion. Cliffs believes that WE Energies proposal to implement a remedy more costly than alternate remedies available under CERCLA is motivated by its desire to quickly redevelop the Site, from which WE Energies intends to profit. Even so, WE Energies can recover costs of the EE/CA against Cliffs in a contribution action. Cliffs will be damaged by WE Energies' breach of the Agreement to the extent that Cliffs share of the costs of the remedy for the Site resulting from the EE/CA exceed that would have resulted from its share of the remedy for the Site resulting from the RI/FS. Cliffs also has been damaged by the breach in that it is no longer possible to fulfill the requirements of the RI/FS ASAOC.

## The Parties

2. Cliffs is a Delaware Corporation with its principal place of business in Cleveland, Ohio.

3. Wisconsin Electric Power Company is a Wisconsin corporation with its principal place of business in Wisconsin.

4. Wisconsin Gas LLC is a Wisconsin limited liability company with its principal place of business in Wisconsin. Wisconsin Gas LLC is wholly owned by WEC Energy Group, a Wisconsin citizen.

## Jurisdiction and Venue

5. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over the Defendants because they are citizens of Wisconsin.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this District and because a substantial part of the events or omissions giving rise to this claim occurred, or a substantial part of the property that is subject to this action is situated in this District.

## Facts Common to All Causes of Action

8. On or about March 30, 2006, the parties received a Special Notice Letter (the "SNL") from the EPA regarding a potential environmental remediation for the Site. The EPA contemplated an RI/FS for the Site under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"). The SNL stated the parties here, and other companies, were considered Potentially Responsible Parties ("PRPs") under CERCLA. The other PRPs who are not parties to this action are: American Natural Resources, East Greenfield

Investors, LLC and Maxus Energy Corporation. The parties here, and the other PRPs, formed a cooperative association to jointly defend against any action by the EPA and share information without waiving certain privileges, doctrines or rules of protection against disclosure.

9. On or about December 2006 and January 2007, the Members executed the Agreement to establish a joint defense, respond to EPA claims, conduct the RI/FS, investigate and identify persons responsible for adverse environmental conditions as the Site, allocate amongst themselves common technical and administrative costs incurred in connection with the negotiation and performance of the RI/FS and provide for the sharing of confidential information between the Members. In particular, under Section 1(a) of the Agreement, the Members agreed to "[o]rganize and conduct a common response to claims asserted by the [EPA]." Under Section 4(a) of the Agreement, the parties accepted as shared costs the costs of performing the RI/FS ASAOC. Under Section 6(b), a Member to the Agreement is not permitted to withdraw (absent a special vote, which as to WE Energies, has not occurred here).

10. On or about January 26, 2007, the Members and the EPA entered an Administrative Settlement Agreement and Order on Consent ("ASAOC") which required the completion of the RI/FS for the Site. As spelled out by EPA's regulations known as the National Contingency Plan ("NCP"), 40 C.F.R. Part 300, Subpart E, the RI/FS determines the nature and extent of contamination and proposes remedial options. EPA then selects the specific remedy by issuing a Record of Decision ("ROD"). Once the remedy is selected, the PRPs may enter into a further ASAOC to undertake the remedy, or enter into a Consent Decree in a court action for that purpose.

11. The RI is complete for the Site and the Members have submitted portions of the FS to EPA for action. While the RI/FS was being implemented the landowner went into

bankruptcy, and the City of Milwaukee issued a Raze Order for remaining buildings on the Site to be demolished.

12. WE Energies purchased the Site out of bankruptcy, and unilaterally entered into a second ASAOC with EPA (referred to herein as the EE/CA ASAOC), under which it would demolish the buildings as required by the City of Milwaukee Raze Order, however, in addition to demolishing buildings, WE Energies without consulting Cliffs or the PRP group voluntarily expanded the scope of the EE/CA ASAOC, which also obligates, in breach of the previous Agreement an obligation for WE Energies to remediate the Site.

13. WE Energies decision to independently pursue an EE/CA that goes beyond razing the buildings, and that includes remediating the Site as part of the EE/CA ASAOC, undermines EPA's commitments with Cliffs under the RI/FS ASAOC and breaches the Agreement. The EE/CA remedy contemplated by WE Energies employs a remediation approach that is imprudent and is in excess of more cost effective and reasonable remedial options available under CERCLA. Accordingly, WE Energies plans to implement a remedy costing significantly more money than otherwise would be required had the RI/FS process proceeded to conclusion.

14. Cliffs believes that WE Energies proposal to implement a remedy more costly than alternate remedies available under CERCLA is motivated by its desire to quickly redevelop the Site, from which WE Energies is acting independently of the PRP group for self-serving interests to satisfy its commercial aspirations for profit at the expense of the PRP group and its ratepayers.

15. Cliffs believes that the cost of the EE/CA remedy for the Site will greatly exceed the remedy that would have resulted had WE Energies not breached the Agreement and proceeded jointly with Cliffs to complete the RI/FS as it pertains to the Site.

16. Under the EE/CA ASAOC, once WE Energies performs it will obtain protection against contribution claims for matters addressed in that agreement and order. It can sue Cliffs in contribution under CERCLA, but Cliffs would be barred from seeking contribution from WE Energies, thereby exposing Cliffs to the risk of paying a higher and disproportionate share of the remedy costs.

17. Pursuant to Section 3(c) of the Agreement, the Members agreed to conduct votes or special votes among the Members if certain decisions "otherwise create[d] obligations not related to the performance of the RI/FS that could impose financial or significant other responsibilities" on the Members. WE Energies failed to conduct a vote regarding its purchase of the Site or its sole performance of the EE/CA. By failing to conduct such vote, WE Energies breached Section 3(c) of the Agreement.

18. Cliffs additionally has been damaged by WE Energies breach of the Agreement in that it is no longer possible to fulfill the requirements of the RI/FS ASAOC.

19. Cliffs will be further damaged by the breach to the extent that Cliffs' share of the costs of the remedy for the Site resulting from the EE/CA exceed that would have resulted from its share of the remedy for the Site resulting from the RI/FS.

20. Cliffs will be further damaged by the breach given that the EE/CA prevents completion of the RI/FS, such that a substantial portion of costs incurred by Cliffs in fulfilling the RI/FS have been wasted.

## COUNT I - DECLARATORY JUDGMENT

21. Cliffs incorporates Paragraphs 1 to 20 as if set forth herein.

22. An actual justiciable controversy exists between the Parties regarding their obligations under the Agreement.

23. The Cliffs seeks a declaration that WE Energies breached the Agreement by failing to call a vote or special vote regarding WE Energies' decision to purchase the Site and pursue a remediation process that is vastly more costly than under the RI/FS.

24. Cliffs seeks a declaration that WE Energies breached the Agreement by failing to jointly perform the RI/FS as required by the Agreement, and that as a result of that breach, Cliffs has been damaged by WE Energies in that Cliffs is no longer able to fulfill the requirements of the RI/FS ASAOC, thus wasting a substantial portion of the financial contributions Cliffs made to the RI/FS, and also exposing Cliffs to fines and civil penalties as well as damages stipulated in the RI/FS ASAOC.

25. Cliffs seeks a declaration that will be further damaged by the breach to the extent that Cliffs share of the costs of the remedy for the Site resulting from the EE/CA exceed that would have resulted from its share of the remedy for the Site resulting from the RI/FS.

**COUNT II - BREACH OF CONTRACT**

26. Cliffs incorporates Paragraphs 1 to 25 as if set forth herein.

27. The Agreement is a valid and binding agreement between the Parties.

28. As set forth above, WE Energies has breached the Agreement, and the covenant of good faith and fair dealing which is implied in every contract under Wisconsin law. WE Energies breached the Agreement by failing to call a vote or special vote under Section 3(c).

29. WE Energies breached the Agreement, including Section 1(a), by foreclosing the ability of the parties to the Agreement to undertake and complete the RI/FS, by thwarting Cliffs' ability to fulfill the requirements of the RI/FS ASAOC, and, by stranding a substantial portion of Cliffs' share of funding towards the RI/FS.

30. WE Energies breached the Agreement by proposing under the EE/CA ASAOC a remediation approach that is imprudent and is in excess of more cost effective and reasonable

remedial options available under CERCLA, and in doing Cliffs will be damaged to the extent that Cliffs' share of the costs of the remedy for the Site resulting from the EE/CA exceed that would have resulted from its share of the remedy for the Site resulting from the RI/FS.

31. As a result of WE Energies breaches of the Agreement and the covenant of good faith and fair dealing, Cliffs has been damaged. Although the total amount of damages is not known, Cliffs currently estimates that the increased clean-up expenses will approximate Twenty Million Dollars ($20,000,000.00), with Cliffs' share of those expenses increasing accordingly.

WHEREFORE, Plaintiffs Cliffs Mining Company demands a money judgment against Defendants, a declaration as set forth above, and for such further relief as the Court deems just.

**JURY DEMAND**

The Cliffs demands trial by jury on all claims so triable.

DATED: April 12, 2018

Respectfully submitted,

s/Louis S. Chronowski___________________
One of the Attorneys for
Plaintiff Cliffs Mining Company

Andrew H. Perellis
Louis S. Chronowski
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
(312) 460-5000