# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Cliffs Mining Company,<br><br>                Plaintiff,<br><br>v.<br><br>Wisconsin Electric Power Co. and<br>Wisconsin Gas LLC,<br><br>                Defendants. | Case No. 2:18-cv-00581-WED<br>Magistrate Judge William E. Duffin |

## DEFENDANTS WISCONSIN ELECTRIC POWER COMPANY AND WISCONSIN GAS LLC'S MOTION TO DISMISS FOR LACK OF ARTICLE III STANDING AND FAILURE TO STATE A CLAIM

Defendants Wisconsin Electric Power Company and Wisconsin Gas LLC (collectively "We Energies"), by their undersigned counsel, hereby move to dismiss Plaintiff's Complaint (Dkt. 1, the "Complaint") with prejudice, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Procedure. In support of this Motion, WE Energies states as follows:

1. Plaintiff's action attempts to interfere with the proper and sound efforts of We Energies to work cooperatively with the United States Environmental Protection Agency ("EPA" or "Government") to investigate and develop a plan to remediate a former industrial site in Milwaukee, Wisconsin currently owned by We Energies.

2. Plaintiff's breach of contract claim alleges that We Energies breached a joint participation and defense agreement with Plaintiff when We Energies entered into a consent order with EPA to secure, investigate and develop a plan to remediate the former industrial site.

3.      Plaintiff lacks standing to complain about We Energies' consent order with the Government, as required under the case or controversy requirement of Article III. U.S. CONST. Art. III, § 2, cl. 1. Plaintiff was not harmed by the conduct it purports to challenge: the "injury" alleged in the Complaint is entirely speculative and reliant upon intervening events that may or may not occur. Moreover, Cliffs cannot establish that any such speculative injury was either caused by We Energies or would be redressable through this lawsuit. Thus, Cliffs lacks any injury attributable to We Energies' alleged conduct and does not have standing to bring suit. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

4.      Plaintiff's action should therefore be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016).

5.      Plaintiff's action further fails because it has not plausibly alleged a viable claim for breach of contract. Under Wisconsin law, a plaintiff must demonstrate three elements in order to prove a breach of contract claim: (1) that a valid contract existed; (2) that the defendant breached that contract; and (3) that damages flowed from that breach. *Matthews v. Wis. Energy Corp.*, 534 F.3d 547, 553 (7th Cir. 2008). Plaintiff has failed to plead any facts showing that We Energies breached any terms of an agreement, or that any damages flowed from such a breach. *Suesz v. Med-1 Sols., LLC*, 757 F.3d 636, 638 (7th Cir. 2014).

6.      Moreover, Plaintiff's interpretation of the joint participation and defense agreement at issue—namely, that it prevents We Energies from cooperating with the Government—would be contrary to public policy and infringe on EPA's expressly reserved rights under prior consent orders.

7. Plaintiff's claim should therefore be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832-33 (7th Cir. 2015).

8. Additionally, Plaintiff has failed to state a valid claim for declaratory relief. Its request for declaratory relief is entirely duplicative of its breach of contract claim and inappropriately seeks to adjudicate past conduct. As such, the court should decline to entertain it. *Rothman v. City of Chi.*, No. 02 C 3533, 2003 WL 21148180, at *5 (N.D. Ill. May 16, 2003); *Ippolito v. Meisel*, 958 F. Supp. 155, 165 (S.D.N.Y. 1997).

9. As further grounds in support of this Motion to Dismiss, We Energies adopts and incorporates the authorities and arguments contained in its Memorandum in Support of Its Motion to Dismiss for Lack of Article III Standing and Failure to State a Claim, which is filed herewith.

WHEREFORE, Defendants Wisconsin Electric Power Company and Wisconsin Gas LLC respectfully request the Court grant their Motion and dismiss Plaintiff's Complaint with prejudice.

Dated: July 23, 2018

Respectfully submitted,

/s/ Joseph A. Cancila
Joseph A. Cancila
Sondra Hemeryck
Deborah Bone
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street
Suite 2900
Chicago, IL 60602
(312) 471-8700
(312) 471-8701 (fax)
jcancila@rshc-law.com
shemeryck@rshc-law.com
dbone@rshc-law.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2018, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System, which will send notice of the filing to counsel for all parties having appeared of record.

/s/ Joseph A. Cancila
Joseph A. Cancila
RILEY SAFER HOLMES & CANCILA LLP
70 W Madison Street
Suite 2900
Chicago, IL 60602
(312) 471-8750
jcancila@rshc-law.com