UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CLIFFS MINING COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WISCONSIN ELECTRIC POWER )<br>COMPANY and WISCONSIN GAS )<br>LLC, )<br>)<br>Defendants. ) | Case No. 2:18-cv-00581-WED<br><br>Magistrate Judge Duffin |

## JOINT RULE 26(f) REPORT

Plaintiff Cliffs Mining Company ("Cliffs") and Defendants Wisconsin Electric Power Company and Wisconsin Gas LLC (collectively, "We Energies") submit this Joint Rule 26(f) Report, including the information requested by the Court in its November 27, 2018 correspondence.

**Rule 26(f) Plan Topics**

(A) The Parties do not believe that there should be any changes made in the timing, form or requirement for disclosures under Rule 26(a). The parties agree to exchange Rule 26(a)(1) disclosures on January 15, 2019.

(B) The Parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

Cliffs believes that discovery may be needed on the following topics.

1. We Energies' sale of all or part of the former Milwaukee Solvay Coke & Gas Site located at 311 East Greenfield Avenue, Milwaukee, Wisconsin (the "Site");

2. We Energies' purchase of the Site in 2017;

3. The negotiation, execution and administration of the Former Milwaukee Solvay Coke & Gas Site Confidential Joint Participation and Defense Agreement - Remedial Investigation/Feasibility Study (the "Agreement");

4. The negotiation, execution and implementation of the Remedial Investigation/Feasibility Study Administrative Settlement Agreement and Order on Consent ("RI/FS ASAOC");

5. Negotiations and discussions between and among We Energies, the EPA and any prospective purchaser of the Site;

6. The negotiation, execution and implementation of the Environmental Evaluation/Cost Analysis Administrative Settlement Agreement and Order on Consent ("EE/CA ASAOC");

7. The causes, liability and cost for the remediation of the Site; and

8. We Energies' analysis on the timetable for completing remediation of the Site under the EE/CA before and after the EE/CA was executed.

We Energies believes that discovery may be needed on the following topics.

1. Cliffs' agreements with third parties relating to indemnification or coverage for expenses relating to any investigation or remediation of the Site;
2. The negotiation, execution and performance of the Agreement;
3. Payments made by Cliffs relating to its obligations under the Agreement;
4. The negotiation, execution and implementation of the RI/FS ASAOC;
5. The development of the RI/FS for the Site;
6. The negotiation, execution and implementation of the EE/CA ASAOC;
7. Cliffs' analysis of the benefits to Cliffs resulting from We Energies' purchase of the Site; and
8. Negotiations and discussions by, between, or among Cliffs and any third party relating to Cliffs' or a third party's contemplated purchase of the Site.

(C) The parties do not anticipate any issues regarding the production of electronically stored information and agree to exchange reasonable "load" files in pdf or native formats, as applicable.

(D) The parties will submit a confidentiality protective order (including a provision relating to Federal Rule of Civil Procedure 502(d)) to the Court for consideration.

(E) The parties do not believe any changes are necessary to the limitations on discovery imposed by the Federal Rules of Civil Procedure or local rules.

(F) Cliffs believes: Cliffs believes there is no justification for staying discovery pending the EPA selecting a final remedy for the Site, as that process will entail first, EPA selection, second, proposal for public comment, third consideration of public comment, and

3

fourth, EPA final determination. We Energies cannot state the timetable for EPA's final resolution, but that process is certain to take months if not longer..

We Energies believes that the Court's scheduling order should defer the start of formal discovery until EPA has selected a final remedy for the Site under, or at least for the next few months in order to ascertain whether the selection of a final remedy is imminent. We Energies suggests convening a further status/scheduling conference in a few months to determine the status thereof. We Energies believes that approaching discovery in this manner will allow for a more efficient discovery process and may narrow the issues in the case, as key facts such as the eventual EPA-approved remedy (and projected costs thereof) are currently unknown and unknowable.

**Additional Questions from Court (from 11/27/2018 correspondence)**

1. <u>Description of Case and Basis of Subject Matter Jurisdiction</u>

<u>Cliffs' Statement.</u> This is an action for money damages based on We Energies' breach of the Agreement. In the Agreement, the parties thereto agreed to cooperatively participate in, and jointly fund, the performance of a Remedial Investigation/Feasibility Study ("RI/FS") regarding environmental concerns at the Site as well as the adjacent waterway that contains sediments contaminated by the Site. The Agreement requires the parties to implement the RI/FS through completion, without right or ability to withdraw from that obligation. To effectuate the Agreement, the parties thereto then entered into the RI/FS ASAOC to perform the RI/FS that the United States Environmental Protection Agency ("EPA") was demanding. Prior to the completion of the RI/FS and fulfillment of the RI/FS ASAOC, We Energies purchased the Site out of bankruptcy. We Energies, with backing of the EPA, then went behind Cliffs' back, abandoned its contractual obligations under the Agreement, and proceeded to enter into the

4

Case 2:18-cv-00581-WED Filed 12/07/18 Page 4 of 9 Document 26

EE/CA ASAOC with EPA to undertake a response action on the Site using a less exacting methodology referred to as an Environmental Evaluation/Cost Analysis ("EE/CA"). The EE/CA remedy contemplated by We Energies employs a remediation approach that is imprudent and is in excess of more cost effective and reasonable remedial options available under CERCLA. Accordingly, the remedy will cost significantly more money than otherwise would be required had the RI/FS process proceeded to conclusion. Cliffs has been and will be damaged by We Energies' breach of the Agreement in that the EE/CA remedy will cost more than that which would have resulted had the RI/FS process been completed. Cliffs also has been damaged by the breach in that it spent money to perform the RI/FS that have now been wasted and because it is no longer possible to fulfill the requirements of the RI/FS ASAOC.

This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000.

We Energies' Statement.

By this action, Cliffs attempts to interfere with the proper and sound efforts of We Energies to work cooperatively with the EPA to investigate and develop a plan to remediate a former industrial site in Milwaukee currently owned by We Energies. Cliffs alleges that We Energies breached a joint participation and defense agreement with Cliffs when We Energies entered into a consent order with the Government to secure, investigate, and develop a plan to remediate that site. That assertion is baseless.

The agreement entered into by the parties provides terms regarding the development and sharing of costs relating to an RI/FS for the Site. Cliffs does not allege that We Energies failed to fund its share or otherwise cooperate in the development of the RI/FS. Instead, it alleges that We

5

Energies' separate agreement with the EPA—which in no way binds Cliffs—breaches the parties' agreement. Yet the scope of the JPDA was expressly limited to the RI/FS and it contains no provision that prohibits We Energies from entering into a separate consent order with EPA. We Energies did not breach the JDPA. Moreover, Cliffs is not harmed by We Energies decision to enter into an consent order with EPA. It alleges nothing more than speculative damages. Cliffs contends it may be injured "*to the extent*" that a "*contemplated*" remedy currently being "*pursue[d]*" by We Energies is selected by EPA. (Compl., Dkt. 1, ¶¶ 13, 19, 23 (emphasis added).) To date, the EPA has not yet selected a final remedy, let alone selected a remedy that is more expensive than that which would have occurred under the RI/FS proceeding. Cliffs lacks any damages attributable to We Energies' alleged conduct.

2. Amended Pleadings

The Court should set a deadline of June 1, 2019, or six months after the start of fact discovery if the Court accepts We Energies' proposal as discussed above, for filing amended pleadings and for adding additional parties. Cliffs anticipates that it or We Energies may wish to assert CERCLA contribution claims against each other, or against third-parties, in this litigation. We Energies has no present contemplation to add parties or claims in this litigation. If claims or parties are added, the discovery schedule for this matter may need to be revisited.

3. Contemplated Motions

Both parties contemplate filing a motion for summary judgment at an appropriate time.

4. Other

Cliffs believes that fact discovery can be completed by September 1, 2019 and expert discovery by December 1, 2019.

6

As set forth above, We Energies believes that the Court should defer the start of formal discovery until EPA has selected a final remedy for the Site under the EE/CA ASAOC, or at least for the next few months in order to ascertain whether the selection of a final remedy is imminent. We Energies proposes the deferral of the start of formal discovery until April 1, 2019, a fact discovery deadline of January 6, 2019 and an expert discovery deadline of April 1, 2020. We Energies further suggests that these dates be subject to modification by the Court depending upon the timing of a decision by EPA as to the final remedy for the Site.

**Rule 16 Conference**

Both parties agree with the Court that the Rule 16 conference on December 14 should be conducted telephonically.

Dated: December 7, 2018

Respectfully submitted,

CLIFFS MINING COMPANY

By: *s/Louis S. Chronowski*
Louis S. Chronowski

Andrew H. Perellis
aperellis@seyfarth.com
Louis S. Chronowski
lchronowski@seyfarth.com
Patrick D. Joyce
pjoyce@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606
(312) 460-5000

Dated: December 7, 2018                                   Respectfully submitted,

                                                          WISCONSIN ELECTRIC POWER COMPANY
                                                          and WISCONSIN GAS LLC


                                                          By:   *s/Joseph A. Cancila*
                                                                Joseph A. Cancila

Joseph A. Cancila
jcancila@rshc-law.com
Sondra Hemeryck
shemeryck@rshc-law.com
Deborah Bone
dbone@rshc-law.com
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois  60602

## CERTIFICATE OF SERVICE

  The undersigned attorney certifies that a copy of this document was served on all counsel of record via the Court's ECF system on this 7th day of December, 2018.

            *s/ Louis S. Chronowski*
            Louis S. Chronowski